IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEE HUNNELL,** | : | CIVIL ACTION NO. 1:19-CV-1874 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **YOE INDUSTRIAL CONCRETE SERVICES, INC. t/a YOE INDUSTRIAL SERVICES,** | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff Lee Hunnell commenced this action against his former employer, defendant Yoe Industrial Concrete Services, Inc. t/a Yoe Industrial Services ("Yoe Industrial"). Hunnell asserts claims for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and unpaid non-overtime compensation under Pennsylvania's Wage Payment and Collection Law ("WPCL"), 43 PA. STAT. AND CONS. STAT. ANN. § 260.1 *et seq.* Yoe Industrial moves to dismiss Hunnell's WPCL claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, we will grant Yoe Industrial's motion.

**I.    Factual Background & Procedural History**

Hunnell was employed by Yoe Industrial from October 29, 2018, to August 23, 2019. (See Doc. 9 ¶ 2). During his employment, he was paid for 1,472.5 hours at a non-overtime hourly rate of $20.50. (Id. ¶ 19). Hunnell alleges that, before he was

hired, he and Yoe Industrial entered into an oral contract regarding his hourly rate of pay, which the parties agreed would be $20.50.  (Id. ¶¶ 50-51).[1]

After starting at Yoe Industrial, Hunnell was given a copy of the company's Employee Handbook, which lays out its policy regarding travel-time pay ("Travel Time Policy").  (See id. ¶¶ 14-15).  The Travel Time Policy states: "Travel time is only paid on jobs exceeding (1) one hour travel time each way.  The Company will pay for the time after that first hour to and from the job site." (Doc. 1 at 32).[2]  Consistent with its Travel Time Policy, Yoe Industrial has not paid Hunnell for roughly 110.25 hours of travel time to and from remote job sites.  (Doc. 9 ¶¶ 25, 52).

Hunnell claims that Yoe Industrial's Travel Time Policy is unlawful.  He specifically asserts that the policy violates FLSA regulation 29 C.F.R. § 785.38, which requires employers to pay for certain travel time if the employee is required

---

[1] Hunnell's complaint does not specify whether the parties' initial agreement to pay $20.50 per hour was an implied oral contract.  We will, however, accept both parties' representations that the contract was both implied and oral.  (See Doc. 16 at 4; Doc. 12 at 4).

[2] The Travel Time Policy is attached to Hunnell's initial complaint but not his amended complaint.  We will, however, consider this document as integral to the complaint and as undisputedly authentic.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)); Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

2

to report to the employer's facility before traveling to a job site.[3]  (Doc. 9 ¶ 16).  In support, Hunnell alleges that he and the other putative collective-action members were required to report to Yoe Industrial's Dallastown, Pennsylvania facility before and after dispatching to remote job sites.  (Id. ¶ 13).  He therefore claims that Yoe Industrial has withheld lawfully earned wages that are due under 29 C.F.R. § 785.38.  (Id. ¶¶ 52-53).  Yoe Industrial denies that Hunnell was required to report to its Dallastown facility before traveling to job sites.  (Doc. 13 ¶ 13).

    Hunnell commenced this action via complaint on October 29, 2019.  He filed an amended complaint on January 27, 2020.  In Count 1 of his amended complaint, Hunnell argues that Yoe Industrial violated the FLSA when it failed to compensate him and others similarly situated for overtime hours worked pursuant to Yoe Industrial's Travel Time Policy.  Count 2 asserts a similar claim under the WPCL

---

[3] Section 785.38 provides in full:

> Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked.  Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice.  If an employee normally finishes his work on the premises at 5 p.m. and is sent to another job which he finishes at 8 p.m. and is required to return to his employer's premises arriving at 9 p.m., all of the time is working time.  However, if the employee goes home instead of returning to his employer's premises, the travel after 8 p.m. is home-to-work travel and is not hours worked.

29 C.F.R. § 785.38.

for non-overtime wages allegedly unlawfully withheld from Hunnell in accordance with the Travel Time Policy.  Yoe Industrial moves to dismiss Count 2 pursuant to Federal Rule of Civil Procedure 12(b)(6).  The motion is fully briefed and ripe for disposition.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Mayer, 605 F.3d at 230 (citing Pension Benefit, 998 F.2d at 1196).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting

4

Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

### III.   Discussion

Yoe Industrial seeks dismissal of Hunnell's WPCL claim on the theory that Hunnell has not alleged a contractual right to non-overtime travel pay.  Hunnell responds that because the Travel Time Policy violates an FLSA regulation, it is void *ab initio*, the regulation controls, and he is entitled to travel-time pay at a rate of $20.50 pursuant to the parties' oral agreement.  As we explain, case law forecloses this argument, so we will grant Yoe Industrial's motion to dismiss without prejudice.

The WPCL provides that "[a]ny employee or group of employees, labor organization or party to whom any type of wages is payable may institute actions provided under this act."  43 PA. STAT. AND CONS. STAT. ANN. § 260.9a(a).  As both federal and state courts have made clear, the WPCL enables employees to seek payment of wages and compensation *contractually* due to them.  De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003), as amended (Nov. 14, 2003)

5

(quoting Antol v. Esposto, 100 F.3d 1111, 1117 (3d Cir. 1996)); Braun v. Wal-Mart Stores, Inc., 24 A.3d 875, 953 (Pa. Super. Ct. 2011), aff'd, 106 A.3d 656 (Pa. 2014) (quoting Oberneder v. Link Comput. Corp., 696 A.2d 148, 150 (Pa. 1997); Lugo v. Farmers Pride, Inc., 967 A.2d 963, 968 (Pa. Super. Ct. 2009)). In lieu of a formal contract, WPCL plaintiffs may assert entitlement to wages via an implied oral contract. Braun, 24 A.3d at 954 (citing De Asencio, 342 F.3d at 309). However, plaintiffs cannot maintain a WPCL claim solely on the basis that they are entitled to compensation by state or federal law. See Beloit v. Killion & Sons Well Serv., Inc., No. CV 16-362, 2016 WL 4539624, at *2 (W.D. Pa. Aug. 31, 2016) (citations omitted); Phila. Metal Trades Council v. Konnerud Consulting W., A.S., No. CV 15-5621, 2016 WL 1086709, at *5 (E.D. Pa. Mar. 21, 2016) (citation omitted); Vasil v. Dunham's Athleisure Corp., No. 2:14CV690, 2015 WL 1296063, at *3-5 (W.D. Pa. Mar. 23, 2015) (citations omitted); Drummond v. Herr Foods Inc., No. CIV.A. 13-5991, 2014 WL 80729, at *1-3 (E.D. Pa. Jan. 9, 2014); Lehman v. Legg Mason, Inc., 532 F. Supp. 2d 726, 733-34 (M.D. Pa. 2007).

Both parties agree that there are two relevant contractual events in this case. There was first an oral contract under which the parties purportedly agreed to an hourly non-overtime rate of $20.50. (Doc. 9 ¶¶ 50-51). Yoe Industrial then issued and enforced its Travel Time Policy, pursuant to which it withheld pay for certain time spent traveling. (Id. ¶¶ 52-53). Yoe Industrial contends that neither event establishes a contractual right to travel pay. It argues that the complaint fails to plead mutual assent or an intent to be bound to a contract that allows for travel pay, and, additionally, that any such agreement is superseded by the Travel Time Policy.

6

We agree that Hunnell's allegations are insufficient to state a WPCL claim, but for a simpler reason: Hunnell does not allege that a contract promised payment for travel time. As described in the complaint, the implied oral contract concerned only Hunnell's hourly rate. (Doc. 9 ¶¶ 50-51 ("Before hiring the Plaintiff Hunnell, <u>Defendant offered to pay Plaintiff $20.50 per hour for his work for Defendant</u>, and Plaintiff <u>Hunnell accepted this offer</u> of compensation. . . . Thus, Plaintiff Hunnell and Defendant entered into a contractual relationship regarding Plaintiff's hourly rate of pay." (emphasis added)); <u>see also</u> Doc. 16 at 4). The complaint, however, does not aver that this oral contract contemplated travel-time compensation. Rather, Hunnell employs the hourly rate agreed upon during that exchange to calculate the amount he would be owed *if* the Travel Time Policy is deemed unenforceable and *if* 29 C.F.R. § 785.38 mandates compensation. (<u>Id.</u> ¶¶ 19-25, 50-53; Doc. 16 at 3)). Furthermore, Hunnell does not, and cannot, allege that the Travel Time Policy entitles him to this travel-time pay; indeed, the parties agree that the Travel Time Policy prohibits such pay.

Hunnell instead argues that the Travel Time Policy must yield to FLSA regulation 29 C.F.R. § 785.38, and he must be compensated for travel time at his non-overtime rate. This argument fails because it requires that his right to travel-time compensation derives from a noncontractual source. Paragraph 17 of his complaint is perhaps the clearest illustration of Hunnell's theory: "Thus, *based upon 29 CFR Section 785.38 of the FLSA*, Defendant was required to pay Plaintiffs for all hours that Plaintiffs spent traveling back and forth from Defendant's Dallastown PA facility and the job site which were unlawfully withheld by Defendant pursuant

7

to its aforementioned Travel Time Policy." (Id. ¶ 17 (emphasis added); see also id. ¶¶ 19-26 (specific to Hunnell's non-overtime hours). He advances this reasoning again in his opposition brief, where he argues that the regulation—not a contract—establishes his right to travel-time pay. (Doc. 16 at 5 ("Defendant's Travel Time Policy attempts to override this federal regulation by enforcing a practice (which Defendant now claims is a contract) to not pay its employees for the very travel time *for which it is mandated to pay in 29 CFR Section 785.38*." (emphasis added))). In other words, Hunnell claims that federal regulation creates his right to travel-time compensation and that the parties' oral agreement creates the hourly rate he should be paid for that time. (See Doc. 16 at 4-6). Hunnell thus fails to root his WPCL claim in a contractual source.

Hunnell's argument that the Travel Time Policy is void *ab initio* because it conflicts with 29 C.F.R. § 785.38 does not cure this problem. Under Pennsylvania law, "an agreement which violates a statutory provision, 'or which cannot be effectively performed without violating [a] statute, is illegal, unenforceable, and void *ab initio*.'" Watrel v. Commonwealth, Dep't of Educ., 488 A.2d 378, 381 (Pa. Commw. Ct. 1985), aff'd, 518 A.2d 1158 (Pa. 1986) (quoting Gramby v. Cobb, 422 A.2d 889, 892 (Pa. Super. Ct. 1980)). At the outset, the parties dispute whether 29 C.F.R. § 785.38 even applies in this case. (See Doc. 9 ¶ 13; Doc. 13 ¶ 13). But whether it applies is irrelevant because Hunnell's WPCL claim as currently pled would fail either way. Even if the regulation applies and voids the Travel Time Policy, as Hunnell contends, the fact remains that he has not pled a *contractual* right to travel-time pay to support a WPCL claim. We must therefore dismiss Count 2.

Courts need not grant leave to amend *sua sponte* in dismissing non-civil rights claims pursuant to Rule 12(b)(6), <u>Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.</u>, 482 F.3d 247, 252-53 (3d Cir. 2007), but leave is broadly encouraged "when justice so requires," FED. R. CIV. P. 15(a)(2).  The deficiencies identified above are inherently factual and thus conceivably curable.  In the interest of justice, we will grant Hunnell leave to amend his complaint.

## IV. <u>Conclusion</u>

The court will grant Yoe Industrial's motion (Doc. 10) to dismiss Count 2 of the amended complaint.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER<br>
Christopher C. Conner<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:    November 30, 2020